Peter M. de Jonge, UT 7185
Jed H. Hansen, UT 10679
Eric E. Westerberg UT 12712
**THORPE, NORTH & WESTERN, LLP**
8180 South 700 East, Suite 350
Sandy, Utah 84070
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Attorneys for Plaintiff *American Covers, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| American Covers, Inc., a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Serious Scents,  Inc. a California corporation,<br><br>    Defendant. | **DECLARATORY COMPLAINT AND JURY DEMAND**<br><br>**Judge: Dustin B. Pead**<br><br>**Civil Case No.: 2:13-cv-01032** |

Plaintiff American Covers, Inc. ("American Covers") by and through its counsel hereby files this Declaratory Complaint with Jury Demand against Defendant Serious Scents, Inc. ("Serious Scents").

## COMPLAINT

American Covers complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.      American Covers, Inc. is a Utah corporation having a principal place of business at 102 West 12200 South, Draper, UT 84020.

2.      Upon information and belief, Serious Scents, Inc. is a California corporation having a principal place of business at 356 Roosevelt St., Apt#7, Chula Vista, California 91910.

3.     American Covers brings this action under 15 U.S.C. § 1501 et seq., 17 U.S.C. § 101 et seq., Utah common law, and under the Federal Declaratory Judgment Statute, Title 28, United States Code §§2201, 2202.

4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 15 U.S.C. § 1501 et seq. and 17 U.S.C. § 101 et seq. and has supplemental jurisdiction over any related claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

6.     Upon information and belief, this Court has general personal jurisdiction over Serious Scents since its contacts with the state of Utah are substantial, continuous, and systematic.

7.     Upon information and belief, this Court also has specific personal jurisdiction over Serious Scents as it has purposefully directed contacts to residents of this judicial district and those contacts are directly related to the causes of action contained herein.

## GENERAL ALLEGATIONS

8.     American Covers is a provider of numerous quality products which service the auto accessory industry and has spent years and significant sums of money developing products to serve that market.

9.      Among the products American Covers markets and sells is a grenade-shaped scent-infused paper air freshener under the brand name DRIVEN (hereinafter "DRIVEN AIR FRESHENER").  An example of one of those air fresheners is pictured below:



10.     The DRIVEN AIR FRESHENER is marketed with aggressive, masculine, imagery and designs.

11.     The brand DRIVEN appears prominently across the top of the DRIVEN AIR FRESHENER labeling and on the air freshener itself.

12.     The product design illustrates a side view of a grenade with a handle and includes an actual ring simulating a pull pin of a grenade.

13.     On or about September 3, 2013, Serious Scents sent a cease and desist letter to American Covers alleging that American Covers DRIVEN AIR FRESHENER infringed upon certain copyrights and trademark rights owned by Serious Scents.  A copy of that cease and desist letter is attached hereto as Exhibit A.

14.     In particular, Serious Scents alleged that it owned a copyright having registration number VA691-296 and that American Covers' design for its DRIVEN AIR FRESHENER infringed upon that copyright.  Moreover, Serious Scents alleged that it has sold a grenade-shaped air

freshener for "some twenty years" and that the DRIVEN AIR FRESHENER infringed upon Serious Scents' trademark rights.

15.     On or about October 24, 2013, counsel for American Covers sent a response letter to Serious Scents detailing its defenses to Serious Scents claims of trademark and copyright infringement.  A copy of American Covers October 24, 2013 letter is attached hereto as Exhibit B.

16.     On or about October 29, 2013, Serious Scents sent a follow up letter to American Covers disagreeing with American Covers defenses and reasserting its purported rights with continued threats of legal action.  A copy of Serious Scents letter dated October 29, 2013 is attached hereto as Exhibit C.

17.     American Covers denies any and all liability associated with Serious Scents allegations. Serious Scents' actions have created a real and substantial controversy related to American Covers' actions for which American Covers now seeks relief.

18.     Upon information and belief, Serious Scents' alleges to have sold two grenade-shaped air fresheners "all over the United States."

19.     Upon information and belief, Serious Scents' alleges to have sold the grenade-shaped air freshener pictured below referred to herein as FIRST LITTLE GRENADE AIR FRESHENER.



20.     Upon information and belief, the FIRST LITTLE GRENADE AIR FRESHENER has not been sold and/or distributed continuously throughout the United States from its date of first sale until the present.

21.     The FIRST LITTLE GRENADE AIR FRESHENER depicts a front view of a hand grenade and does not show a handle.  The brand LITTLE GRENADE is placed on the top of the FIRST LITTLE GRENADE AIR FRESHENER label and the brand SERIOUS SCENTS is present on the air freshener paper itself.

22.     Upon information and belief, the extent of previous sales and distribution of the FIRST LITTLE GRENADE AIR FRESHENER in the United States was not continuous and was very limited in geography and scale.

23.     Upon information and belief, Serious Scents does not have a federal trademark registration for the configuration of the FIRST LITTLE GRENADE AIR FRESHENER.

24.     Features of a product's design can never be inherently distinctive and can only qualify for trademark protection upon a showing of secondary meaning. (See, *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 210, 54 USPQ2d 1065, 1068 (2000)).  Upon information and belief, the FIRST LITTLE GRENADE AIR FRESHENER has not gained any secondary meaning in the marketplace and consumers of air freshener products in the United States do not recognize the FIRST LITTLE GRENADE AIR FRESHENER as a distinctive brand. Accordingly, Serious Scents has no trademark rights associated with the FIRST LITTLE GRENADE AIR FRESHENER.

25.     Upon information and belief, Serious Scents' alleges to have sold the grenade-shaped air freshener pictured below referred to herein as the SECOND LITTLE GRENADE AIR FRESHENER.



26.     Upon information and belief, Serious Scents does not have a federal trademark registration for the configuration of the SECOND LITTLE GRENADE AIR FRESHENER.

27.    Features of a product's design can never be inherently distinctive and can only qualify for trademark protection upon a showing of secondary meaning. (See, *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 210, 54 USPQ2d 1065, 1068 (2000)).  Upon information and belief, the SECOND LITTLE GRENADE AIR FRESHENER also has not gained any secondary meaning in the marketplace and consumers of air freshener products in the United States do not recognize the SECOND LITTLE GRENADE AIR FRESHENER as a distinctive brand.  Accordingly, Serious Scents has no trademark rights associated with the SECOND LITTLE GRENADE AIR FRESHENER.

28.    Upon information and belief, the SECOND LITTLE GRENADE AIR FRESHENER is packaged with whimsical, cartoonish imagery.  The brand LITTLE GRENADE is placed on the top of the FIRST LITTLE GRENADE AIR FRESHENER label and the brand SERIOUS SCENTS is presented on the air freshener paper itself.  The SECOND LITTLE GRENADE AIR FRESHENER does not depict any particular directional view of a hand grenade.

## FIRST CAUSE OF ACTION

### Declaratory Judgment of No Trademark Rights
### 15 U.S.C. § 1051 et seq. and common law

29.    American Covers hereby incorporates by reference each and every preceding allegation of this complaint as if set forth fully herein.

30.    On or about September 3, 2013, Serious Scents sent a cease and desist letter to American Covers alleging that American Covers DRIVEN AIR FRESHENER infringed upon certain copyrights and trademark rights owned by Serious Scents.  On or about October 24, 2013, counsel for American Covers sent a response letter to Serious Scents detailing its defenses to Serious Scents claims of trademark and copyright infringement.  On or about October 29, 2013,

Serious Scents sent a follow up letter to American Covers disagreeing with American Covers defenses and reasserting its purported rights with continued threats of legal action.

31.     While American Covers denies any and all liability associated with Serious Scents allegations, Serious Scents' actions have created a real and substantial controversy related to American Covers' actions for which American Covers now seeks relief.

32.     Features of a product's design can never be inherently distinctive and can only qualify for trademark protection upon a showing of secondary meaning. (See, *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 210, 54 USPQ2d 1065, 1068 (2000)).  Upon information and belief, the FIRST LITTLE GRENADE AIR FRESHENER has not gained any secondary meaning in the marketplace and consumers of air freshener products in the United States do not recognize the FIRST LITTLE GRENADE AIR FRESHENER as a distinctive brand. Accordingly, Serious Scents has no trademark rights associated with the FIRST LITTLE GRENADE AIR FRESHENER.

33.     Upon information and belief, the SECOND LITTLE GRENADE AIR FRESHENER also has not gained any secondary meaning in the marketplace and consumers of air freshener products in the United States do not recognize the SECOND LITTLE GRENADE AIR FRESHENER as a distinctive brand.  Accordingly, Serious Scents has no trademark rights associated with the SECOND LITTLE GRENADE AIR FRESHENER.

34.     Accordingly, American Covers is entitled to an order declaring that the FIRST LITTLE GRENADE AIR FRESHENER and the SECOND LITTLE GRENADE AIR FRESHENER have not acquired secondary meaning, are not inherently distinctive, and do not function as a trademark, and that Serious Scents owns no trademark rights associated with the configuration of

the FIRST LITTLE GRENADE AIR FRESHENER or the SECOND LITTLE GRENADE AIR
FRESHENER.

## SECOND CAUSE OF ACTION

### Declaratory Judgment of No Trademark Infringement
### 15 U.S.C. §§ 1114, 1125

35.     American Covers hereby incorporates by reference each and every preceding allegation
of this complaint as if set forth fully herein.

36.     On or about September 3, 2013, Serious Scents sent a cease and desist letter to American
Covers alleging that American Covers DRIVEN AIR FRESHENER infringed upon certain
copyrights and trademark rights owned by Serious Scents.   On or about October 24, 2013,
counsel for American Covers sent a response letter to Serious Scents detailing its defenses to
Serious Scents claims of trademark and copyright infringement.   On or about October 29, 2013,
Serious Scents sent a follow up letter to American Covers disagreeing with American Covers
defenses and reasserting its purported rights with continued threats of legal action.

37.     While American Covers denies any and all liability associated with Serious Scents
allegations, Serious Scents' actions have created a real and substantial controversy related to
American Covers' actions for which American Covers now seeks relief.

38.     The configuration of the DRIVEN AIR FRESHENER design is substantially different
from the design of either the FIRST LITTLE GRENADE AIR FRESHENER or the SECOND
LITTLE GRENADE AIR FRESHENER.

39.     To the extent Serious Scents owns any valid or enforceable trademark rights associated
with its products, there is no likelihood of confusion between the DRIVEN AIR FRESHENER
on the one hand and the FIRST LITTLE GRENADE AIR FRESHENER or the SECOND
LITTLE GRENADE AIR FRESHENER on the other.

40.     Accordingly, American Covers is entitled to an order declaring that its DRIVEN AIR FRESHENER does not infringe any trademark rights, to the extent any trademarks exist, in connection with the FIRST LITTLE GRENADE AIR FRESHENER or the SECOND LITTLE GRENADE AIR FRESHENER.

## THIRD CAUSE OF ACTION

### Declaratory Judgment of No Copyright Infringement
### 17 U.S.C. §§ 101 et seq.

41.     American Covers hereby incorporates by reference each and every preceding allegation of this complaint as if set forth fully herein.

42.     Based on Serious Scents' threats, American Covers has a real and reasonable apprehension of fear that it will be sued by Serious Scents for copyright infringement.

43.     Prior to receiving the cease and desist letter attached as Exhibit A, American Covers had no knowledge of registration number VA691-296.

44.     American Covers did not copy any aspect of the image associated with registration number VA691-296.

45.     The design associated with the DRIVEN AIR FRESHENER is not substantially similar to the image associated with registration number VA691-296.

46.     To the extent Serious Scents owns any valid or enforceable copyright associated with registration number VA691-296, the design associated with the DRIVEN AIR FRESHENER does not infringe said copyright.

47.     Accordingly, American Covers is entitled to an order declaring that its DRIVEN AIR FRESHENER does not infringe any copyright associated with registration number VA691-296.

**WHEREFORE**, it is respectfully requested that the Court enter judgment in favor of American Covers as follows:

A.    That the Court enter judgment that the FIRST LITTLE GRENADE AIR FRESHENER or the SECOND LITTLE GRENADE AIR FRESHENER have not acquired secondary meaning, are not inherently distinctive, and do not function as a trademark.

B.    That the Court enter judgment that Serious Scents owns no trademark rights associated with the configuration of the FIRST LITTLE GRENADE AIR FRESHENER or the SECOND LITTLE GRENADE AIR FRESHENER.

C.    That the Court enter judgment that the DRIVEN AIR FRESHENER does not infringe any trademarks owned by Serious Scents, including the FIRST LITTLE GRENADE AIR FRESHENER and the SECOND LITTLE GRENADE AIR FREESHENER.

D.    That the Court enter judgment that the DRIVEN AIR FRESHENER does not infringe any copyrights owned by Serious Scents.

E.    That the Court enter judgment that American Covers owns all right, title, and interest in and to the DRIVEN AIR FRESHENER, including, but without limitation, any and all trademarks and/or copyrights associated therewith.

F.    That the Court award American Covers its costs and attorney's fees related to this action.

G.    That American Covers have such other and further relief as shall seem just and proper to the Court.

H.    That the Court grant preliminary and permanent injunctive relief enjoining Serious Scents, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from

directly or indirectly alleging that American Covers infringes any of Serious Scents' rights or has otherwise damaged Serious Scents.

## <u>JURY DEMAND</u>

American Covers demands that all claims and causes of action raised in this Complaint be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

Dated:  November 18, 2013.

/s/ Jed H. Hansen
Peter M. de Jonge
Jed H. Hansen
Eric E. Westerberg
**THORPE NORTH & WESTERN, LLP**

Attorneys for Plaintiff
American Covers, Inc.