IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMERICAN COVERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SERIOUS SCENTS, INC., <br><br> Defendant. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br> Case No. 2:13-cv-01032 |

Plaintiff American Covers, Inc. (American Covers) filed its complaint in this case on November 18, 2013. In lieu of an answer, Serious Scents filed a Motion to Dismiss, or in the Alternative, for Transfer of Venue. With its motion, Serious Scents provided a declaration, explaining Serious Scents' lack of contacts with the state of Utah. On March 31, 2014, American Covers filed its opposition memorandum, along with a Motion for Jurisdictional Discovery. On June 23, 2014, American Covers also moved for leave to file an amended complaint, seeking to add a claim for tortious interference with economic relations.

The court held a hearing on the pending motions on August 6, 2014. After hearing the parties' arguments, the court took the motions under advisement. The court also ordered Serious Scents to file an amended motion to dismiss, along with additional declarations addressing the question of Serious Scents' sales in Utah. Serious Scents filed its amended motion, with the necessary declarations, on August 15, 2014. American Covers then filed a supplemental opposition memorandum. Having fully considered the parties' arguments and declarations and

the applicable legal authority, the court finds Serious Scents has insufficient contacts with Utah to permit the exercise of personal jurisdiction. The court therefore grants the motions to dismiss.

## BACKGROUND

According to the complaint and declarations submitted by the parties,[1] American Covers is a Utah corporation in the business of developing car accessories. The product at issue is a grenade-shaped air freshener developed by American Covers and known as the DRIVEN AIR FRESHENER. On or about September 3, 2013, Serious Scents, a California corporation, sent a cease and desist letter to American Covers asserting that the DRIVEN AIR FRESHENER infringed Serious Scents' copyrights and trademark rights relating to Serious Scents' own grenade-shaped air freshener, known as the FIRST LITTLE GRENADE AIR FRESHENER. American Covers, through its counsel, sent a response letter dated October 24, 2013, explaining its defenses to the infringement claims. On or about October 29, 2013, Serious Scents sent a second letter to American Covers, reasserting its claims and threatening legal action.

In light of Serious Scents' infringement claims, American Covers filed the complaint in this case, seeking declaratory relief. Specifically, American Covers seeks a declaratory judgment finding that Serious Scents does not hold trademark rights related to the FIRST LITTLE GRENADE AIR FRESHENER, or if it does, those rights have not been infringed by American Covers' DRIVEN AIR FRESHENER. American Covers also seeks a judgment that the DRIVEN AIR FRESHENER does not infringe any copyrights owned by Serious Scents.

---

[1] See FDIC v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992) (a district court has discretion to ascertain facts regarding jurisdictional questions by relying on declarations or by conducting an evidentiary hearing).

In response to American Covers' complaint, Serious Scents filed a motion to dismiss for lack of personal jurisdiction. In its motion, Serious Scents also requested a transfer of venue, as an alternative to dismissal. On March 31, 2014, American Covers filed its memorandum in opposition to the motion to dismiss, along with a motion for jurisdictional discovery. On June 23, 2014, American Covers also moved for leave to file an amended complaint. American Covers' proposed amended complaint alleges that on June 2, 2014, Serious Scents' president, Ibrahim Nassir, contacted Wal-Mart and told a Wal-Mart representative that American Covers was not legally entitled to sell the DRIVEN AIR FRESHENER to Wal-Mart. (First Am. Compl. ¶¶ 29-30, Docket No. 26-1.) Based on this call, American Covers seeks to add a claim against Serious Scents for tortious interference with economic relations.

With its motion for leave to amend its complaint, American Covers also filed a supplemental opposition to the motion to dismiss, arguing that the motion to dismiss was moot in light of the allegation that Mr. Nassir had improperly contacted Wal-Mart. In response, Serious Scents concedes it contacted Wal-Mart but asserts it merely called Wal-Mart headquarters in Arkansas to discuss the possibility of introducing Serious Scents' organic air freshener products into Wal-Mart stores. When the Wal-Mart representative stated that Wal-Mart already sells grenade-shaped air fresheners, Serious Scents explained that it has the only registered trademark for a grenade-shaped air freshener.

After hearing argument on Serious Scents' motion to dismiss at an August 6, 2014 hearing, the court took the motion and all other pending motions under advisement. The court also ordered Serious Scents to file an amended motion to dismiss with a supplemental declaration from Mr. Nassir and, if necessary, Serious Scents' wholesaler, addressing the

question of sales of the FIRST LITTLE GRENADE AIR FRESHENER made in Utah. Serious Scents filed its amended motion to dismiss on August 15, 2014, and attached a supplemental declaration from Mr. Nassir, along with declarations from representatives of Serious Scents' four outside distributors.

The declarations of Mr. Nassir and the distributors confirm that Serious Scents does not sell and has never sold any products in Utah. Serious Scents has never engaged the services of a distributor in Utah, and none of its outside distributors has ever sold Serious Scents products in Utah or directed any other party to make sales in Utah. Serious Scents is not registered to do business in Utah and has never had a place of business, employees, or assets in Utah. Serious Scents similarly has never owned, leased, or controlled property in Utah, paid taxes in Utah, or maintained any phone or fax listings in Utah. Serious Scents does not have employees or other agents regularly assigned to do business in Utah and has not entered into any contracts with a person or company in Utah. Aside from this case, Serious Scents has never been sued in Utah. Serious Scents' only alleged contacts with the state of Utah include the exchange of letters with American Covers that led to American Covers' complaint in this case and the subsequent phone call to Wal-Mart by Serious Scents' president.

## **ANALYSIS**

"The plaintiff bears the burden of establishing personal jurisdiction, but where, as here, the issue is raised early on in litigation, based on pleadings (with attachments) and affidavits, that burden can be met by a prima facie showing." Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011). In determining whether the plaintiff has made its prima facie showing of jurisdiction, the court must "resolve any factual disputes in the plaintiff's favor." Id.

4

To establish its prima facie showing of personal jurisdiction, "a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000). In Utah, "'any set of circumstances that satisfies due process will also satisfy [Utah's] long-arm statute.'" Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1298 (10th Cir. 1999) (quoting SII MegaDiamond, Inc. v. Am. Superabrasives Corp., 969 P.2d 430, 433 (Utah 1998)). As a result, the court will proceed to analyze whether the exercise of jurisdiction over Serious Scents satisfies federal due process standards.

"[T]o exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). A defendant's contacts with the forum state may give rise to either general or specific personal jurisdiction. In this case, even accepting American Covers' allegations as true, the court finds that Serious Scents lacks the necessary minimum contacts with Utah for the court to exercise either general or specific jurisdiction over Serious Scents. Having made this determination, the court need not address the issue of whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice.

## I.     General Jurisdiction

American Covers first argues that Serious Scents has the necessary minimum contacts to justify the court's exercise of general personal jurisdiction over Serious Scents. A court has general jurisdiction over a defendant if the defendant has continuously, systematically, and

purposefully availed itself of the privilege of conducting activities within the forum state, such that the defendant should reasonably anticipate being haled into court there. Asahi Metal Indus. Co. v. Superior Crt., 480 U.S. 102, 109 (1987); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). The Tenth Circuit, citing to a Utah Court of Appeals decision, has explained that the following factors are relevant to the issue of general personal jurisdiction:

> Whether the corporate defendant is
> 1. engaged in business in this state;
> 2. licensed to do business in this state;
> 3. owning, leasing, or controlling property (real or personal) or assets in this state;
> 4. maintaining employees, offices, agents, or bank accounts in this state;
> 5. present in that shareholders reside in this state;
> 6. maintaining phone or fax listings within this state;
> 7. advertising or soliciting business in this state;
> 8. traveling to this state by way of salespersons, etc.;
> 9. paying taxes in this state;
> 10. visiting potential customers in this state;
> 11. recruiting employees in the state;
> 12. generating a substantial percentage of its national sales through revenue generated from in-state customers.

Soma Med. Int'l, 196 F.3d at 1295-96 (quotations omitted).

With its motion to dismiss, Serious Scents submitted the declaration of its president, Ibrahim Nassir. The declaration explains that Serious Scents has never sold its products in Utah, had a place of business in Utah, or had any employees in Utah. Mr. Nassir also states that he has never been to Utah. When it filed its amended motion to dismiss, Serious Scents provided additional information in a supplemental declaration from Mr. Nassir and in four additional declarations from representatives of Serious Scents' outside distributors. These declarations confirm that Serious Scents does not sell and has never sold any products in Utah. Serious Scents has never engaged the services of a distributor in Utah, and none of its outside distributors has

sold Serious Scents products in Utah or directed any other party to make sales in Utah. Serious Scents is not registered to do business in Utah and has never had a place of business, employees, or assets in Utah. Serious Scents has never owned, leased, or controlled property in Utah, paid taxes in Utah, or maintained any phone or fax listings in Utah. Serious Scents does not have employees or other agents regularly assigned to do business in Utah and has not entered into any contracts with a person or company in Utah. Aside from this case, Serious Scents has never been sued in Utah. Serious Scents essentially has no presence in the state of Utah.

Serious Scents' only alleged contacts with the state of Utah are the exchange of letters with American Covers that led to American Covers' complaint in this case and the subsequent phone call to Wal-Mart by Serious Scents' president. These isolated communications are not sufficient to show that Serious Scents continuously, systematically, and purposefully availed itself of conducting business within Utah. As a result, American Covers has not shown that the court may exercise general jurisdiction over Serious Scents. See id. at 1296 (filing a small number of UCC financing statements and recording several instruments in Utah were insufficient to subject the defendant to general jurisdiction); Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1076-77 (10th Cir. 1995) (defendants' phone calls with the plaintiff and ten to twenty faxes and letters held insufficient to establish minimum contacts).

## II.     Specific Jurisdiction

To establish the minimum contacts necessary for specific jurisdiction, a plaintiff must first show that the out-of-state defendant has "'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." Dudnikov, 514 F.3d at 1071(quoting Burger King, 471 U.S. at 472). In

Dudnikov, the court elaborated on this standard by analyzing the Supreme Court's holding in Calder v. Jones, 465 U.S. 783 (1984), and concluded that a defendant purposefully directs activities at the forum state when (1) the defendant commits an intentional act, (2) "expressly aimed at the forum state," (3) with the knowledge that the injury will be primarily felt in the forum state. Dudnikov, 514 F.3d at 1072.

For the first element of this test, American Covers alleges, in its complaint, that Serious Scents sent an initial cease and desist letter to American Covers, a Utah corporation, and then followed with a second letter threatening litigation after American Covers disputed Serious Scents' claims of infringement. In its proposed amended complaint, American Covers also alleges that Serious Scents called Wal-Mart to assert a complaint against American Covers. These allegations are sufficient to show an intentional act by Serious Scents.

But mere allegations of intentional acts are not sufficient to establish minimum contacts with the forum state. Under the second step in the minimum contacts analysis, which asks if a defendants actions were expressly aimed at the forum state, "the mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts. Instead, in order to resolve the jurisdictional question, a court must undertake a particularized inquiry as to the extent to which the defendant has purposefully availed itself of the benefits of the forum's laws." Far West Capital, 46 F.3d at 1079. This particularized inquiry "focuses more on a defendant's intentions—where was the 'focal point' of its purposive efforts." Dudnikov, 514 F.3d at 1075. To be expressly aimed at the forum state, a defendant's actions must do more than individually

8

target a known forum resident. Id. at 1074 n.9. Rather, "the forum state itself must be the focal point of the tort." Id. (quotation omitted).

Analyzing the issue of purposeful availment, the court in Far West Capital recognized that the parties had engaged in three different phases of negotiation, which included exchanging phone calls with the plaintiff in Utah, mailing drafts of a proposed lease to the plaintiff in Utah, and sending approximately twelve faxes to the plaintiff in Utah. 46 F.3d at 1073, 1076-77. The court noted that "[i]t is well established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts." Id. at 1077. Because the court found "no evidence that defendants' alleged torts had any connection to Utah beyond plaintiff's corporate domicile," the court found insufficient contacts to establish personal jurisdiction. Id. at 1080.

Even taking the facts as alleged by American Covers as true, Serious Scents did not purposefully avail itself of doing business in Utah or take any actions purposefully directed at Utah. American Covers' initial complaint merely alleges that Serious Scents sent a single cease and desist letter to American Covers in Utah and then followed with a second letter which threatened litigation. Two letters to a Utah corporation are not sufficient to show that Serious Scents has purposefully availed itself of the benefits of doing business in Utah, especially under Far West Capital, where the Tenth Circuit found much more extensive communication and correspondence insufficient to establish minimum contacts.

American Covers also argues that it should be given leave to amend its complaint to allege additional contacts between Serious Scents and Utah—namely, American Covers alleges that Serious Scents' president, Ibrahim Nassir, reached out to Wal-Mart to assert a complaint against American Covers and did so understanding the call would damage American Covers'

9

reputation and relationship with Wal-Mart.[2] Relying on Dudnikov, American Covers argues this phone call by Serious Scents is sufficient to establish minimum contacts. The court disagrees.

As explained in Dudnikov, "'something more' than foreseeability [is] required to establish personal jurisdiction." 514 F.3d at 1077. In Dudnikov, the defendants not only foresaw potential harm to the plaintiffs' eBay business in the forum state; the defendants also knew eBay had a set policy that resulted in an automatic cancellation any time an infringement complaint was made about a particular auction. So the defendants knew that, under eBay's policy, the plaintiffs' auction would be cancelled as soon as they asserted a claim of infringement. The defendants in fact "d[id] not dispute that they *intended* to cause the cancellation of plaintiffs' auction." Id. (emphasis in original).

In contrast, American Covers has not alleged that Serious Scents knew or intended a specific result in making its phone call to Wal-Mart headquarters in Arkansas. Even accepting American Covers' allegation that the call was made for the purpose of reporting alleged infringement, American Covers has not alleged that Wal-Mart has a set policy for responding to such calls, that such calls automatically result in a product being discontinued from sale at Wal-Mart, or that Serious Scents had any specific understanding of what the result would be in making the call. Although Serious Scents may have understood that its call may have potential

---

[2] Serious Scents disputes American Covers' allegations related to the Wal-Mart call and specifically asserts that it made the call to Wal-Mart as an innocent sales call and only raised the issue of American Covers' alleged infringement when Wal-Mart said it already sold a grenade-shaped air freshener. The court resolves this factual dispute in American Covers' favor. But, as explained below, even accepting American Covers' version of events, the call to Wal-Mart does not create the minimum contacts with the state of Utah that would be necessary for the court to exercise personal jurisdiction over Serious Scents.

effects on American Covers in Utah, those effects were "no more than foreseeable side-effects." Id. In addition, American Covers has not alleged that the call in fact had any negative effect on its relationship and/or sales with Wal-Mart.

Even if Serious Scents individually targeted American Covers knowing that American Covers was a Utah business, American Covers must make a prima facie showing that Utah, as the forum state, was the focal point of the alleged tort. Dudnikov, 514 F.3d at 1074 n.9. Serious Scents' phone call to Wal-Mart headquarters in Arkansas does not establish purposeful action directed at Utah, even when combined with Serious Scents' letters to American Covers in Utah. Without conduct showing purposeful direction at Utah as the forum state, Serious Scents does not have the necessary minimum contacts to establish specific jurisdiction.

Having determined that American Covers has not met its burden to show minimum contacts that would establish either general or specific personal jurisdiction over Serious Scents, the case must be dismissed for lack of personal jurisdiction.

### III. Motion for Jurisdictional Discovery

With its opposition to the motion to dismiss, American Covers also moved for leave to conduct discovery on the issue of jurisdiction. While a trial court has discretion to allow limited jurisdictional discovery, "a court may deny jurisdictional discovery where the plaintiff has failed to meet its burden of making a threshold prima facie case of personal jurisdiction." Alphagen Biotech v. Langoost Enters., LLC, No. 2:13-CV-15 TS, 2013 WL 2389792, at *8 (D. Utah May 30, 2013) (unpublished). The questions related to personal jurisdiction were fully addressed in the parties' briefing and declarations. Because American Covers has not met its burden to make a prima facie showing of personal jurisdiction, the request for jurisdictional discovery is denied.

**IV. Motion for Leave to File Amended Complaint**

American Covers also moved for leave to amend its complaint to add a claim for tortious interference with economic relations. As explained above, even when the court accepts the added allegations in the amended complaint, Serious Scents does not have the requisite minimum contacts to establish personal jurisdiction. The motion for leave to amend is, therefore, denied.

**CONCLUSION**

Because Serious Scents has insufficient minimum contacts to permit the court's exercise of personal jurisdiction over it, the court rules on the pending motions as follows:

1. Serious Scents' Motion to Dismiss, or in the Alternative, for Transfer of Venue (Docket No. 13) and its First Amended Motion to Dismiss, or in the Alternative, for Transfer of Venue (Docket No. 36) are GRANTED to the extent those motions both seek dismissal based on lack of personal jurisdiction. Serious Scents' alternative request for transfer of venue is DENIED as moot.

2. American Covers' Motion for Jurisdictional Discovery (Docket No. 20) is DENIED.

3. American Covers' Motion for Leave to File First Amended Complaint (Docket No. 26) is DENIED.

DATED this 1st day of October, 2014.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge